UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BRACEY L. MYLES**                                                              **CIVIL ACTION**

**VERSUS**

**NO. 25-125-JWD-EWD**

**AMAZON.COM LLC**

### ORDER AND JUDGMENT OF DISMISSAL

Before the Court is the self-titled "Motion for Hearing (EEOC)" of Bracey L. Myles ("Myles"), who is representing himself.[1]  Because Myles has not established a basis for this Court's subject matter jurisdiction, this case will be dismissed without prejudice on the Court's own motion.

On or about February 5, 2025, Myles filed his handwritten "Motion for Hearing (EEOC)." Because he is unrepresented, the Court considered this filing a complaint. Myles names Amazon.com LLC ("Amazon") as the only defendant. Myles states that he began working for Amazon in July 2024. He was then suspended with pay in early August 2024 "because of a rumor/lie told about me, born directly in management, leaving me with little to no room for defending myself against my accusers."[2] After he finished serving his suspension, Myles represents that "an almost identical event occur[ed] again."[3] However, this time he was "unfairly terminated." Myles also represents that he and his wife were involved in a car wreck during the period of his suspension. After the wreck, Myles alleges Amazon accommodated his wife "immediately," while his employment was terminated. Myles further states that he has been incarcerated since December 2024 "for failure to pay fees" to complete his community

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1, pp. 1-2.

[3] R. Doc. 1, p. 2.

certified mail # 9589 0710 5270 1607 9442 37

supervision/deferred adjudication and has been "extradited unlawfully" from his state of residence. He requests "any and all help in attempts to afford my family and myself the relief we deserve."[4]

As thoroughly explained in the Court's March 13, 2025 Order, the document Myles filed, construed liberally as a complaint, does not state that he is asserting a claim under federal law or otherwise state a basis for this Court to exercise federal subject matter jurisdiction in this case, and the facts alleged fail to show the existence of either diversity jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331.

Subject matter jurisdiction was explained to Myles, and Myles was given until April 9, 2025 to file an amended complaint stating specific facts to establish that this Court has federal subject matter jurisdiction under 28 US.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity jurisdiction). Myles was told that: **"This lawsuit may be dismissed by the Court without further notice for failure to timely comply with this Order, including filing an amended complaint that does not state enough facts to support federal subject matter jurisdiction."**[5] The April 9, 2025 deadline has come and gone and Myles has not filed an amended complaint or any other document. Additionally, the copy of the Notice and Order that the Clerk of Court mailed to Myles has been returned as undeliverable.[6]

As explained to Myles in the Court's March 13 Order, unlike state courts, which are courts of general jurisdiction that may hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may generally be established in two ways. This Court has subject matter jurisdiction over "civil

---

[4] R. Doc. 1, p. 3. It is not clear what the incarceration has to do with Myles's claims against Amazon.

[5] R. Doc. 2.

[6] R. Docs. 6, 7. There is another certified mail receipt in the record that indicates that an individual named Stacy Hudson at the Montague County Jail in Montague, Texas signed for delivery of the Notice and Order on March 18, 2025. R. Doc. 5.

actions arising under the Constitution, laws, or treatises of the United States" (federal question jurisdiction). This Court also has subject matter jurisdiction over civil actions where the amount in controversy is more than $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants) (diversity jurisdiction). The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Myles). Myles was warned that his failure to allege a basis for subject matter jurisdiction would result in dismissal of his suit.[7] When a federal court does not have subject matter jurisdiction over a case, it must be dismissed.[8]

Myles has not adequately pleaded diversity jurisdiction because he has not alleged his own citizenship or the citizenship of Amazon to establish that the parties are completely diverse. Additionally, Myles has not alleged sufficient information to allow the Court to determine whether the matter in controversy, *i.e.,* the value of his claims, likely exceeds the "sum or value of $75,000, exclusive of interest and costs."[9]

Similarly, Myles has not adequately pleaded federal question jurisdiction because he has not alleged a cause of action that arises under federal law.[10] While the title of his filing references the EEOC (Equal Employment Opportunity Commission), nothing in his filing suggests that he is attempting to bring a claim against Amazon because his employment was terminated due to his membership in a protected group.[11] Myles was given a chance to file an amended complaint to

---

[7] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) and R. Doc. 2, p. 5.

[8] *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021), citing *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017).

[9] 28 U.S.C. § 1332 and R. Doc. 1.

[10] 28 U.S.C. § 1331.

[11] At most, Myles references that he was disciplined for allegedly threatening a female supervisor and that his wife was accommodated following their car accident, while he was not. Myles may be suggesting that Amazon terminated his employment because he is a member of a protected group, but it is not clear from his filing. For the court to have

3

attempt to establish subject matter jurisdiction but has did not do so even though he was specifically told that his case could be dismissed if he did not respond.

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[12] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[13] Even construing Myles' filing liberally,[14] he has not met his burden of establishing that this Court has federal subject matter

---

federal question jurisdiction, a plaintiff is not required to cite a specific federal provision, such as 42 U.S.C. § 1983, in his complaint, but he must allege facts sufficient to establish a colorable issue of federal law." *Hills v. Our Lay of the Lake Hospital, Inc.*, No. 21-280, 2021 WL 4143932, at *2 (M.D. La. July 15, 2021) (citations omitted). But "oblique references to violations of unspecified federal laws" are not sufficient to established federal question jurisdiction under 28 U.S.C. § 1331." *JRV Services, LLC v. Doster Construction Company, Inc.*, No. 19-100, 2019 WL 5580984, at *4 (M.D. La. Sept. 19, 2019), quoting *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (cleaned up). Here, Myles has not established that this Court has federal jurisdiction over his claims because the complaint contains no more than vague references to "unjust suspension" and "unfairly terminated," and the factual allegations are not sufficiently stated to allow the Court to determine whether his Complaint presents a "colorable issue of federal law.". *See also* R. Doc. 2, pp. 3-4.

[12] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[13] *Dickens v. TASB Risk Management*, No. 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018). *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'"), citing Fed. R. Civ. P. 12(h)(3).

[14] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

jurisdiction, despite the opportunity to do so, with specific instructions. Accordingly, this case will be dismissed on this basis.[15]

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Complaint and all claims of Plaintiff Bracey L. Myles asserted in this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order and Judgment of Dismissal to Plaintiff Bracey L. Myles by regular and certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana on May 6th, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] The case is also subject to dismissal under Federal Rule of Civil Procedure 41(b) because Myles failed to respond to a Court Order and under Local Civil Rule 41(b)(4) as more than thirty days have passed since two notices were returned to the Court as undeliverable at the address Myles provided. *See* R. Docs. 6, 7.